

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION**

| | |
|---|---|
| TRE' VAUGHN JACKSON,<br>　　　　Petitioner,<br><br>BRIAN KENDALL, *Warden Lieber Correctional Institution*,<br>　　　　Respondent. | §<br>§<br>§　CIVIL ACTION NO. 5:22-402-MGL-KDW<br>§<br>§<br>§<br>§<br>§ |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION,
GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT,
AND DENYING THE SECTION 2254 PETITION**

Petitioner Tre' Vaughn Jackson (Jackson) filed this 28 U.S.C. § 2254 petition against Respondent Brian Kendall (Kendall), Warden of the Lieber Correctional Institution.

The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting Kendall's motion for summary judgment be granted and Jackson's Section 2254 petition be denied. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on December 28, 2022, Jackson filed his objections to the Report on January 30, 2023, and Kendall filed his reply to Jackson's objections on February 13, 2022.  The Court has carefully considered the objections, but holds them to be without merit.  It will therefore enter judgment accordingly.

A brief summary of the relevant facts is warranted.  After Jackson's trial, the jury found him guilty of the attempted murder and weapon charges pending against him.  The trial court sentenced him to a total of sixty years of imprisonment.

Jackson filed an appeal with the South Carolina Court of Appeals, which that court ultimately dismissed.

Thereafter, Jackson filed an application for Post Conviction Relief (PCR).  After the PCR court held a hearing on the matter, it denied and dismissed with prejudice Jackson's PCR.

Jackson then filed a petition for a writ of certiorari with the South Carolina Supreme Court, which transferred it to the Court of Appeals.  The Court of Appeals initially granted the petition, but then subsequently issued an order dismissing the petition as improvidently granted.

Next, Jackson filed his Section 2254 petition with this Court.  He raises the following three claims in his petition:

> **Claim I:** [Jackson] received ineffective assistance of trial counsel when trial counsel failed to request a jury instruction on the lesser-included offenses of assault and battery of a high and aggravated nature and assault and battery in the first degree, in violation of his Sixth and Fourteenth Amendment rights;
>
> **Claim II:** Trial counsel rendered ineffective assistance of counsel when she failed to properly impeach the state's main witness with his prior inconsistent statement made to trial counsel's investigator in violation of his Sixth and Fourteenth Amendment rights; and

2

>    **Claim III:**   Trial counsel was ineffective for failing to object to prejudicial hearsay testimony from law enforcement that other eyewitnesses named [Jackson] as the shooter since this hearsay testimony was highly prejudicial and denied [Jackson] his right to a fair trial, specifically denying his constitutional right to confront witnesses against him in violation of his Sixth and Fourteenth Amendment rights.

Jackson's Petition at 15-25.

Jackson makes three specific objections to the Report. First, as to Claim I, he contends the Magistrate Judge erred in suggesting that it was not ineffective assistance of counsel for his trial counsel to fail to ask for a jury charge for a lesser included offense of attempted murder.

In reply, Kendall states that the Magistrate Judge correctly "determined that it is reasonable to assume that the trial strategy used by trial counsel to chance that [Jackson] would be found not guilty of attempted murder was the reason for not requesting the jury instruction of the lesser included offense." Reply at 2.

"Judicial scrutiny of counsel's performance must be highly deferential." *Strickland v. Washington*, 466 U.S. 668, 689 (1984). In particular, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id*. (citation omitted) (internal quotations omitted). "Not 'must,' not 'would,' but 'might.'" *Carrera v. Ayers*, 670 F.3d 938, 951 (9th Cir. 2011).

Trial "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id* at 690. As such, "there is a strong presumption that [counsel took certain actions] for tactical reasons rather than through sheer neglect." *Yarborough v. Gentry*, 540 U.S. 1, 8 (2003).

In trial counsel's November 8, 2016, testimony at Jackson's PCR Hearing, over two years after Jackson's trial, she attested as follows:

> Q: Did you ask for [a] lesser-included offense?
> A: I did not.
> Q: Okay, and can you remember why you did not?
> A: I honestly don't remember why I didn't. I, I don't know what I was thinking at the time. It may have been a situation where I wanted to give the jury just one, one option but I, I can't say for certain.

Transcript at 475:14-20.

On this issue, the PCR Court held:

> Although Trial Counsel could not recall her reasoning for choosing not to request the lesser included offense, she expressed that it was possible that she did not want [Jackson] to be convicted of a lesser included offense when there was a chance he would be found not guilty of attempted murder. In this case, he would not have any convictions. It is reasonable to assume that this is a valid strategy that Trial Counsel could have been choosing.

*Id*. at 498.

The Ninth Circuit was faced with a similar situation:

"During state habeas proceedings, defense counsel testified she did not know why she failed to make a [particular motion] . . . at the time of her declaration over four years after jury selection. This implies that there was a reason defense counsel did not make [the] motion, but that she could not remember it due to the passage of time." *Carrera*, 670 F.3d at 951 n.17. The panel affirmed the district court's denial of the petitioner's *Strickland* claim.

The Fourth Circuit has also held, albeit in an unpublished opinion, that trial counsel was not ineffective, even though "[he] testified that he could not remember why he did not request the clarifying jury instruction[,]" which was one of the petitioner's grounds for Section 2254 relief. *Leonard-Bey v. Conroy*, 39 Fed. Appx. 805, 808, 2001 WL 1886350, at *2 (4th Cir. 2002).

In light of the aforementioned precedent, rather than displaying neglect, the Court presumes that trial counsel's decision not to request a jury charge for the lesser included offense was part of her trial strategy.  Thus, the Court is unable to say that the PCR court was mistaken in finding that "[t]rial [c]ounsel was not ineffective for choosing not to request an instruction for the lesser-included offense. [Jackson] has failed to meet his burden of proof[.]"  Transcript at 499.

"Surmounting *Strickland's* high bar is never an easy task."  *Padilla v. Kentucky*, 559 U.S. 356, 371, (2010).  And, Jackson has failed to surmount it here.  Therefore, the Court will overrule his first objection.

In Jackson's second objection, which concerns Claim II, he maintains the Magistrate Judge erred in failing to recommend that the Court find cause for the procedural default of his claim that trial counsel neglected to impeach witness Lanard Johnson (Johnson) with his prior inconsistent statement.  Jackson states in his petition that "[t]his issue was not effectively raised to the PCR court[;] [nor] was [it] raised to the South Carolina Supreme Court in the petition for writ of certiorari."  Petition at 21.

According to Jackson, "[t]he existing court record, when compared with [Johnson's] affidavit, illustrates that the witness's testimony would have been sufficiently impeaching to call [Jacson's] conviction into doubt."  Jackson's Objections at 3.  In Johnson's post-PCR affidavit, he attests did not see Jackson on the day of the incident, but states he was scared after being taken into custody and he identified Jackson as the shooter based on "what [he] heard on the streets about what happened."  Johnson's Affidavit ¶ 4.

Kendall, on the other hand, states the Magistrate Judge "correctly determined th[is] issue[] could not proceed due to the doctrine of procedural default. "  Reply at 4.

"A federal habeas court generally may consider a state prisoner's federal claim only if he has first presented that claim to the state court in accordance with state procedures."  *Shinn v. Ramirez*,

5

142 S.Ct. 1718, 1727 (2022). "When the prisoner has failed to do so, and the state court would dismiss the claim on that basis, the claim is 'procedurally defaulted.'" *Id* at 1727-28.

For a procedurally defaulted claim to be properly considered by a federal habeas court, the petitioner must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

Jackson offers the broad assertion that, "in the interests of justice, this Court should forgive the procedural default and address the claim on its merits." Objections at 3. But, he neglects to make any specific objection as to how the Magistrate Judge erred in concluding he has failed to establish cause for his procedural default.

Given Jackson's statement that "[t]he existing court record, when compared with [Johnson's] affidavit, illustrates that the witness's testimony would have been sufficiently impeaching to call [Jacson's] conviction into doubt[,]" Jackson's Objections at 3, he also appears to be making a miscarriage of justice exception argument. *See McQuiggin v. Perkins*, 569 U.S. 383, 394–95 (2013) ("The miscarriage of justice exception . . applies to a severely confined category: cases in which new evidence shows it is more likely than not that no reasonable juror would have convicted the petitioner." (citation omitted) (internal quotation marks omitted) (alteration marks omitted)). But, Johnson's affidavit is insufficient to convince this Court that "it is more likely than not that no reasonable juror would have convicted [Jackson]." *Id*.

In sum, Jackson is unable to establish either cause or a miscarriage of justice to overcome the procedural default bar of Claim II. Accordingly, the Court will overrule Jackson's second objection, too.

Finally, in regards to Jackson's Claim III, in his third objection, he states "[f]or the reason argued . . . relative to Claim II, this Court should excuse the procedural default, address the claim

6

on its merits and find [Jackson] is entitled to federal habeas relief." Objections at 3.  But, the Court rejected that argument as to Jackson's Claim II.  It rejects it in regards to his Claim III, as well.  Consequently, the Court will also overrule Jackson's third objection.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Jackson's objections, adopts the Report, and incorporates it herein.  Therefore, it is the judgment the Court that Kendall's motion for summary judgment is **GRANTED**, and Jackson's Section 2254 petition is **DENIED**.

**IT IS SO ORDERED**.

Signed this 2nd day of March, 2023, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE
